1  Robert J. Ounjian, SBN 210213
   **CARPENTER, ZUCKERMAN & ROWLEY**
2  8827 West Olympic Boulevard
3  Beverly Hills, California 90211-3613
   Telephone: (310) 273-1230
4  Fax: (310) 858-1063

5  Attorney for Plaintiff,
   Todd S. Diener
6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

| TODD S. DIENER | No.: 2:21-cv-3810 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | 1) **STRICT PRODUCTS LIABILITY**<br>2) **BREACH OF WARRANTY**<br>3) **NEGLIGENCE** |
| AMERICAN AIRLINES, INC.; GATE GOURMET, INC.; GATE GROUP; SKY CHEFS, INC.; LSG SKY CHEFS; LSG GROUP; and DOES 1 to 20, | 4) **COMMON CARRIER LIABILITY**<br><br>**JURY TRIAL DEMANDED** |
| Defendants. | |

   Plaintiff TODD S. DIENER who, for causes of action against Defendants AMERICAN AIRLINES, INC., GATE GOURMET, INC., GATE GROUP; SKY CHEFS, INC.; LSG SKY CHEFS; LSG GROUP, and DOES 1 to 20, complains and alleges as follows:

## PARTIES, VENUE, AND JURISDICTION

1. Plaintiff Todd S. Diener is an individual who at all relevant times was domiciled in the State of California.

2. Defendant American Airlines, Inc. is and was at all relevant times a business entity providing airline, food product, and catering services. The defendant is a foreign corporation

organized and existing under the laws of the State of Delaware. The entity's corporate headquarters and principal place of business are in Texas.

3. Defendant Gate Gourmet, Inc. is and was at all relevant times a business entity providing food product and catering services. The defendant is a foreign corporation organized and existing under the laws of the State of Delaware. The entity's corporate headquarters and principal place of business are in Virginia.

4. Defendant Gate Group, is and was at all relevant times a business entity providing food product and catering services. The defendant is incorporated and has its headquarters and principal place of business in Switzerland where it is domiciled.

5. Defendant Sky Chefs, Inc. is and was at all relevant times a business entity providing food product and catering services. The defendant is a foreign corporation organized and existing under the laws of the State of Delaware. The defendant's corporate headquarters and principal place of business are in Texas.

6. Defendant LSG Sky Chefs is and was at all relevant times a business entity providing food product and catering services. The defendant is incorporated and has its headquarters and principal place of business in Germany where it is domiciled.

7. Defendant LSG Group is and was at all relevant times a business entity providing food product and catering services. The defendant is incorporated and has its headquarters and principal place of business in Germany where it is domiciled.

8. The true names and/or capacities, whether individual, corporate, associate or otherwise of the defendants DOES 1 through 20, inclusive, and each of them, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of these defendants fictitiously named herein as a DOE is legally responsible, negligent, or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff

2
COMPLAINT FOR DAMAGES

as hereinafter alleged. Plaintiff will seek leave of the court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named defendants when the same has been ascertained.

9. In any place in this Complaint where the term "defendant" or "defendants," with or without capitalization, is used it shall include all defendants, including Does 1-20, as if so stated.

10. The plaintiff is informed and believes that at all relevant times, all of the Defendants, were the agents, servants, employees, and /or joint venturers of all of the co-defendants and were acting within the course, scope, and authority of their agency, employment, and/or venture and that all defendants, when acting as a principal, were negligent in the selection and hiring of each and every other defendant as an agent, employee, and/or joint venturer.

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs and it is between citizens domiciled in different states/nations. The defendants' conduct caused damage to the Plaintiff in California and the defendants have certain minimum contacts with the State of California such that maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

12. Venue in the United States District Court for the Central District of California is proper pursuant to 28 U.S.C. § 1391(b)(1), without limitation, because a substantial part of the events and omission giving rise to the claim occurred in the Central District of California.

**LOCATION OF INCIDENT**

13. The plaintiff suffered injury due to the negligence of the defendants in Los Angeles, California. The plaintiff further discovered the negligence of the defendants in Los Angeles, California.

**FACTS COMMON TO ALL CAUSES OF ACTION**

14. At all relevant times, Defendants owned, operated, and/or provided catering services and food products on American Airlines.

15. On or about May 11, 2019, the plaintiff was a passenger aboard Flight 341 departing John F. Kennedy International Airport in New York, New York to Los Angeles International Airport in Los Angeles, California. The plaintiff purchased the ticket in Los Angeles, California.

16. Toward the end of the flight, the plaintiff was served chicken and other food products. The chicken and other food products were produced manufactured, selected, sold, distributed, inspected, stored, cooked, prepared, served, and otherwise completely under the control of the defendants.

17. The plaintiff consumed the chicken as served to him on May 11, 2019.

18. On or about May 12, 2019, after landing in Los Angeles, California, the plaintiff suffered injury. He began to experience symptoms of food poisoning, which evolved over the following days. Such symptoms included, without limitation: high fever, chills, fatigue, nausea, diarrhea, and pain, especially in the abdominal region.

19. On May 15, 2019, the plaintiff presented himself to the Hollywood Walk-In Clinic in Los Angeles County, California, where he was determined to be too ill to treat at the urgent care facility and was transferred to an emergency department.

20. That same day, the plaintiff presented himself to Cedars-Sinai Medical Center in Los Angeles County, California, where he was admitted as a patient. He was discharged on or about May 18, 2019.

21. On, about, or after May 18, 2019, the plaintiff learned that testing had determined that he had suffered a food borne illness, including campylobacter infection. The source of the food borne illness was traced to the food consumed by the plaintiff on American Airlines Flight

341 which was selected, sold, distributed, inspected, stored, cooked, prepared, served, and otherwise completely under the control of the defendants.

**FIRST CAUSE OF ACTION – STRICT PRODUCTS LIABILITY**
**(By Plaintiff Against All Defendants)**

22. By this reference, the plaintiff incorporates all of the allegations in this Complaint in this cause of action.

23. Defendants manufactured and sold the chicken and other food products that caused the plaintiff to become infected with campylobacter, without limitation, and suffer damages as a result.

24. The chicken and other food products that caused the plaintiff to become injured were contaminated with campylobacter at the time it left the defendants' possession and/or control.

25. Food, including the chicken and other food products that caused the plaintiff to become injured, that is contaminated with campylobacter and/or other infectious disease contaminants, is unreasonably dangerous for its ordinary and expected uses – i.e., consumption. Such a product is thus in an unreasonably dangerous condition not contemplated by an ordinary consumer, making it defective.

26. The food, including the chicken and other food products that caused the plaintiff to become injured, was used by the plaintiff in the manner expected and intended when the plaintiff consumed it.

27. The plaintiff suffered injury and damages as a direct, proximate, and legal result of the defective and unreasonably dangerous condition of the product manufactured, sold, prepared, sold, and distributed by the defendants.  Such damages include, without limitation:

    a.    Past and future medical and healthcare expenses;

    b.    Past and future lost earnings and diminution of earning capacity;

      c.      Past and future household services;

      d.      Past and future incidental expenses; and

      e.      Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

## SECOND CAUSE OF ACTION – BREACH OF WARRANTY
**(By Plaintiff Against All Defendants)**

28. By this reference, the plaintiff incorporates all of the allegations in this Complaint in this cause of action.

29. The defendants are liable to the plaintiff for breaching express and implied warranties that they made regarding the adulterated products that the plaintiff purchased and consumed. These express and implied warranties included the implied warranties of merchantability and/or fitness for a particular use.

30. Plaintiff alleges that the food, including the chicken and other food products that caused the plaintiff to become injured, and were contaminated with campylobacter and/or other infectious disease contaminants, which the defendants manufactured, sold, distributed, and served would not pass without exception in the trade and was therefore in breach of the implied warranty of merchantability.

31. Plaintiff alleges that the food, including the chicken and other food products that caused the plaintiff to become injured, and were contaminated with campylobacter and/or other infectious disease contaminants, were not fit for the uses and purposes intended, i.e. human consumption, and that this product was therefore in breach of the implied warranty of fitness for its intended use.

32. The plaintiff suffered injury and damages as a direct, proximate, and legal result of

the defective and unreasonably dangerous condition of the product manufactured, sold, prepared, sold, and distributed by the defendants. Such damages include, without limitation:

    a.    Past and future medical and healthcare expenses;

    b.    Past and future lost earnings and diminution of earning capacity;

    c.    Past and future household services;

    d.    Past and future incidental expenses; and

    e.    Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

### THIRD CAUSE OF ACTION – NEGLIGENCE
**(By Plaintiff Against All Defendants)**

33. By this reference, the plaintiff incorporates all of the allegations in this Complaint in this cause of action.

34. The defendants owed a duty and voluntarily undertook a duty to use reasonable care in the production, manufacture, selection, sale, inspection, storage, distribution, cooking, preparation, and service of its food products to ensure that the products did not become contaminated with campylobacter and/or other infectious disease contaminants. The defendants breached these duties and therefore were negligent.

35. The defendants further owed a duty to comply with all statutes, laws, regulations, and/or safety codes and standards pertaining to the distribution, storage, and sale of its food products, but failed to do so and therefore were negligent. The plaintiff is among the class of persons designed to be protected by these statutes, laws, regulations, safety codes, safety standards, and provisions pertaining to the manufacture, distribution, storage, and sale of food products.

36. The plaintiff suffered injury and damages as a direct, proximate, and legal result of the defendants' negligence. Such damages include, without limitation:

      a.      Past and future medical and healthcare expenses;

      b.      Past and future lost earnings and diminution of earning capacity;

      c.      Past and future household services;

      d.      Past and future incidental expenses; and

      e.      Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

### FOURTH CAUSE OF ACTION – COMMON CARRIER LIABILITY
**(By Plaintiff Against Defendants American Airlines, Inc. and Does 1-20)**

37. By this reference, the plaintiff incorporates all of the allegations in this Complaint in this cause of action.

38. Defendants American Airlines, Inc. and Does 1-20 were, at all relevant times, common carriers. The defendants held themselves out to the public generally to transport good and people from place to place for profit.

39. Common carriers have a duty to carry passengers safely and to use the highest care and the vigilance of a very cautious person. Common carriers have a duty to do all that human care, vigilance, and foresight reasonably can do to avoid harm to passengers.

40. Common carriers have a duty to use the highest care in providing services to its passengers, including food storage, preparation, catering, and service.

41. The defendants knew, or should have known, that the chicken and other food products that caused the plaintiff to become injured, and was contaminated with campylobacter and/or other infectious disease contaminants, were not fit for the uses and purposes intended, i.e. human consumption. The defendants could have prevented or reduced the harm to the plaintiff from the consumption of the chicken and other food products.

42. The defendants breached these duties.

43. The plaintiff suffered injury and damages as a direct, proximate, and legal result of the defendants' breach.  Such damages include, without limitation:

    a. Past and future medical and healthcare expenses;

    b. Past and future lost earnings and diminution of earning capacity;

    c. Past and future household services;

    d. Past and future incidental expenses; and

    e. Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

## **PRAYER**

The plaintiff prays for judgment against the defendants as follows:

1. General damages, as established at the time of trial;
2. Special damages, as established at the time of trial;
3. Prejudgment interest, as allowed by law, according to proof;
4. Costs of suit; and
5. Such other relief as the court deems in the interests of justice.

Dated: May 5, 2021                                          Carpenter, Zuckerman & Rowley

                                                                    /s/ *Robert J. Ounjian*
                                                                      _____
                                                                      Robert J. Ounjian
                                                                      Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Todd S. Diener hereby demands a trial by jury on all causes of action.

Dated: May 5, 2021                                         Carpenter, Zuckerman & Rowley

/s/ *Robert J. Ounjian*

_____
Robert J. Ounjian
Counsel for Plaintiff